IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAARON ANTHONY SHEARS, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 2:19-cv-1389 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| DISTRICT ATTORNEY OF ) | |
| FAYETTE COUNTY, et al. ) | |
| ) | |
| Respondents. ) | |

## **ORDER**

Pending before the Court is Petitioner's Motion for Discovery Material. (ECF 65.) "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). *See also Harris v. Nelson*, 394 U.S. 286, 300 (1969) ("broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding."). Discovery is authorized in Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts only by leave of court upon a showing by the petitioner of "good cause," which may be made "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is...entitled to relief[.]" *Harris*, 394 U.S. at 300. *See also Bracy*, 520 U.S. at 908-09. The "burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011). "[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing." *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991).

1

Additionally, Rule 6 does not authorize what is commonly referred to as "fishing expeditions" and it is not enough for a petitioner to speculate that the discovery he seeks might yield information that would support one of his claims or that it would give support to a new claim. *See, e.g.*, *Deputy v. Taylor*, 19 3d 1485, 1493 (3d Cir. 1994) (quoting with approval *Munoz v. Keane*, 777 F. Supp. 282, 287 (S.D.N.Y. 1991), which explained: "petitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence"); *Williams*, 637 F.3d at 210-11 (the petitioner's discovery request "amounts to an entreaty to engage in a fishing expedition. The law is clear, however, that such speculative discovery requests should be rejected.").

In his Motion, Petitioner lists items he wants in discovery without any explanation about why he is entitled to conduct any discovery in this case. He has not demonstrated the required "good cause" for discovery. Thus, Petitioner's Motion for Discovery Material (ECF 65) is DENIED.

SO ORDERED this 21st day of February, 2023

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge