IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAARON ANTHONY SHEARS, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 2:19-cv-1389 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| DISTRICT ATTORNEY OF ) | |
| FAYETTE COUNTY, *et al.*. ) | |
| ) | |
| Respondents. ) | |

## ORDER

Pending before the Court are two motions filed by Petitioner Daaron Anthony Shears titled "Motion for Disclosure of Brady/Giglio Material." (ECF 136, 175.) In these motions, Shears seeks leave to conduct discovery in this federal habeas case.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). *See also Harris v. Nelson*, 394 U.S. 286, 300 (1969) ("broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding.") Discovery is authorized in Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts only by leave of court upon a showing by the petitioner of "good cause," which may be made "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is...entitled to relief[.]" *Harris*, 394 U.S. at 300. *See also Bracy*, 520 U.S. at 908-09.

The "burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011). "[B]ald assertions and conclusory allegations do not provide sufficient ground to

warrant requiring the state to respond to discovery or to require an evidentiary hearing." *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991).

Shears has not demonstrated "good cause" for discovery. His assertion that he could uncover exculpatory or impeachable evidence if permitted to conduct discovery is mere speculation. Rule 6 does not authorize what is commonly referred to as a "fishing expedition," and it is not enough for a petitioner to speculate that the discovery he seeks might yield information that would support one of his claims or would give support to a new claim. *See, e.g.*, *Williams*, 637 F.3d at 210-11 (the petitioner's discovery request "amounts to an entreaty to engage in a fishing expedition. The law is clear, however, that such speculative discovery requests should be rejected.") Additionally, Shears was not diligent in seeking the discovery during his state court proceedings. *Tedford v. Beard*, 2010 WL 3885207, at *4 (W.D. Pa. Sept. 28, 2010) ("Because a petitioner in a § 2254 case must first exhaust any claim in state court before he brings it in federal court, a federal court must, in considering a state prisoner's motion for discovery, take into account any lack of diligence on the petitioner's part in developing the record in state court.")

Finally, as the Court explains in the Memorandum also issued on this date, the claims Shears brings in the Third Amended Petition are time-barred under the Antiterrorism and Effective Death Penalty Act of 1996's one-year statute of limitations, which is codified at 28 U.S.C. § 2244(d). Thus, there is no basis to permit Shears to conduct discovery on the merits of his unquestionably time-barred claims. *Brown v. DiGuglielmo*, 2007 WL 4242266, at *1 n.2 (E.D. Pa. Nov. 29, 2007) ("Petitioner's claims are either time-barred or not cognizable in habeas, so even if the Petition is not frivolous, the requested discovery on the merits of Petitioner's claims would benefit neither Petitioner nor the court.").

Based on the foregoing, Shears' Motions for Disclosure of Brady/Giglio Material (ECF 136 & 175) are DENIED.

SO ORDERED this 31st day of May, 2024

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

3