IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAARON ANTHONY SHEARS, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 2:19-cv-1389 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| DISTRICT ATTORNEY OF ) | |
| FAYETTE COUNTY, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM

Pending before the Court[1] is the Third Amended Petition for a Writ of Habeas Corpus (ECF 82) filed by state prisoner Daaron Anthony Shears under 28 U.S.C. § 2254. Shears challenges the judgment of sentence imposed on him by the Court of Common Pleas of Fayette County in 2012 at criminal docket number CP-26-CR-1660-2011. For the reasons below, the Court will deny the petition with prejudice because each of Shears' claims for habeas relief are time-barred and will deny a certificate of appealability.

I.      **Relevant Background**

In July 2011, the Commonwealth charged Shears with one count each of Rape (Forcible Compulsion), Sexual Assault, and Statutory Sexual Assault. The charges stemmed from an incident that occurred on July 4, 2011. The 15-year-old victim reported that on that date, Shears, with whom she was walking on a trail, raped her. (Resp's Ex. 1, ECF 160-1 at pp. 2-4.)

Assistant Public Defender Thomas W. Shaffer represented Shears at his trial, which was held in July 2012. At the conclusion of the trial the jury found Shears guilty on all counts. (Resp's

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

Ex. 2, ECF 160-1 at pp. 7-9.) On November 8, 2012, the trial court sentenced Shears to a term of 10 to 20 years' incarceration for the Rape conviction, to be followed by a consecutive term of 3 months to 10 years' incarceration for Statutory Sexual Assault, and no further penalty for Sexual Assault. (Resp's Ex. 4, ECF 160-1 at pp. 18-20.)

Shears did not file a timely direct appeal with the Superior Court of Pennsylvania.[2] Thus, his judgment of sentence became final under both state and federal law on December 10, 2012, when the 30-day period for him to file an appeal expired.[3] (Resp's Ex. 17, ECF 160-3 at pp. 6); 42 Pa. Cons. Stat. § 9545(b)(3); Pa.R.A.P. 903; 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); *Commonwealth v. Whiteman*, 204 A.3d 448, 450 (Pa. Super. Ct. 2019) (same).

On September 6, 2014, Shears filed a *pro se* petition for collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 *et seq.* (Resp's Ex. 8, ECF 160-1 at pp. 33-42; Resp's Ex. 12, ECF 160-2 at p. 27.) The trial court, now the PCRA court, appointed Attorney James V. Natale to represent Shears. A counseled amended PCRA petition was then filed asserting that: (1) Attorney Shaffer was ineffective because he did not file a timely direct appeal of Shears' judgment of sentence; and (2) Shears' sentence was unlawful under *Alleyne v. United States*, 570 U.S. 99 (2013). (Resp's Ex. 10, ECF 160-1 at pp. 51-54.)

---

[2] Shears, through counsel, attempted to file a direct appeal with the Superior Court of Pennsylvania in which he claimed that the trial court erred in overruling a defense objection made during trial and for denying Shears' request to modify his sentence. (Resp's Ex. 6, 160-2 at pp. 26-27.) The Superior Court quashed this appeal as untimely in *Commonwealth v. Shears*, No. 1954 WDA 2012 (Pa. Super. Ct. May 23, 2013) ("*Shears I*").

[3] The 30-day period was extended to December 10, 2012 because the thirtieth day, December 8, 2012, was a Saturday.

An evidentiary hearing was held at which Shears and Attorney Shaffer testified. (Resp's Ex. 11, ECF 160-2 at pp. 2-25.) After this hearing, the PCRA court dismissed Shears' petition as untimely under the applicable one-year statute of limitations, which is codified at 42 Pa. Cons. Stat. § 9545(b) and which is jurisdictional. (Resp's Ex. 12, ECF 160-2 at pp. 27-29.)

The Superior Court affirmed the PCRA court's order in *Commonwealth v. Shears*, No. 937 WDA 2015, slip op. (Pa. Super. Ct. Oct. 15, 2015) ("*Shears II*"). (Resp's Ex. 15, ECF 160-2 at pp. 51-54.) Shears then petitioned for allowance of appeal with the Supreme Court of Pennsylvania. (Resp's Ex. 16, ECF 160-2 at pp. 56-83.) The court denied this petition on September 19, 2016. *Commonwealth v. Shears*, 158 A.3d 67 (Pa. 2016).

Since the conclusion of Shears' first PCRA proceeding, he has filed multiple unsuccessful *pro se* petitions for PCRA relief. *Commonwealth v. Shears*, 2021 WL 6015853, *2-3 (Pa. Super. Ct. Dec. 21, 2021) (summarizing the five PCRA petitions Shears filed between April 2018 and November 2019) ("*Shears III*"); *Commonwealth v. Shears*, 2023 WL 140347, *2 (Pa. Super. Ct. Jan. 10, 2023) ("*Shears IV*") (summarizing Shears' sixth PCRA petition); *Commonwealth v. Shears*, 2023 WL 4677744, *1 (Pa. Super. Ct. July 21, 2023) ("*Shears V*") (summarizing Shears' seventh PCRA petition). The Superior Court held that all claims raised in Shears' second, third, fourth, fifth and sixth PCRA petitions were time-barred under the applicable one-year statute of limitations. *Shears III*, 2021 WL 6015853, at *2-3; *Shears IV*, 2023 WL 140347, *2-4. In so holding, the Superior Court explained that none of Shears' claims fell within the PCRA's timeliness exception for claims based on facts on which the petitioner could not have learned earlier by the exercise of due diligence. *Shears III*, 2021 WL 6015853, *2-3; *Shears IV*, 2023 WL 140347, *3-4. As for Shears' seventh PCRA petition, the Superior Court affirmed its dismissal

3

because Shears filed it when his sixth PCRA petition was still pending. *Shears V*, 2023 WL 4677744, *1-2.

Shears began this federal habeas case in October 2019, when he filed his original petition for a writ of habeas corpus with this Court. (ECF 3.) This Court has since stayed this case several times because Shears was litigating claims in his PCRA proceedings. (ECF 4, 51, 73.)

In September 2023, the Court granted Shears' motion to lift the stay because his last PCRA proceeding had concluded. (ECF 119.) In the Third Amended Petition (ECF 82), the operative petition, Shears raises these claims:

Claim 1: Attorney Shaffer was ineffective for failing to file a timely direct appeal. (*Id.* at p. 82.)

Claim 2: The trial court lacked jurisdiction to try and convict him because, in violation of Pennsylvania Rule of Criminal Procedure 503, his criminal case was tried in Fayette County instead of in Westmoreland County, where he alleges the crimes occurred. (*Id.* at p. 7.)

Claim 3: The prosecution violated his right to due process at the trial because it: (a) introduced alleged perjured testimony from the victim when she testified that Shears "pulled her (forearms) to the ground and then pulled down her shorts and underwear," in contrast to "the affidavit of probable cause, [in which] the police stated that [the victim] stated that [Shears] grabbed her by the shoulders and forced her to the ground then pulled down her shorts and underwear"; and (b) "submitted three photographs of someone's bruised forearms." (*Id.* at p. 8.)

Claim 4: The prosecution violated his right to due process because "the former district attorney, Linda Cordano, failed to approve the criminal complaint before Trooper Clem-Johnston could seek an arrest warrant [as required by Pennsylvania Rule of Criminal Procedure 507]." (*Id.* at p. 10.)

Respondents have filed their Answer (ECF 160) in which they assert that each of these claims is time-barred, and Shears has filed his Reply (ECF 166).

## II.   Discussion

### A. Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state-court judgment. It permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *Id.*; *see, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is Shears' burden to prove that he is entitled to the writ. *See, e.g.*, *Vickers v. Sup't Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

### B. Shears' Claims are Time-barred

In 1996, Congress made significant amendments to the federal habeas statutes with the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403-04 (2000)). AEDPA reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (internal quotations and citation omitted).

AEDPA substantially revised the law governing federal habeas corpus. Among other things, AEDPA set a one-year limitations period for filing a federal habeas petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).

AEDPA's statute of limitations is codified at 28 U.S.C. § 2244(d) and it requires, with a few exceptions not applicable here, that habeas corpus claims under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[4] As explained above, Shears' judgment of sentence became final on December 10, 2012. Thus, Shears had one year from that date—until on or around December 10, 2013—to file timely habeas claims with this Court. Shears did not commence this habeas case until October 2019, almost six years after the expirations of the statute of limitations. Therefore, his habeas claims are time-barred.[5]

---

[4] The date on which AEDPA's one-year limitations period commenced is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004). In this case, the statute of limitations for Shears' claims began to run on the date his judgment of sentence became final (December 10, 2012) in accordance with § 2244(d)(1)(A). Although Shears asserts that Claim 4 is based on "newly discovered" facts, there is no basis for the Court to calculate AEPDA's one-year statute of limitations for that claim under § 2244(d)(1)(D), which provides that the one-year limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." (ECF 82 at pp. 10-11.) Shears contends that he did not learn about the facts supporting Claim 4 until April 2, 2023. (ECF 82 at pp. 10-11.) These facts are that the district attorney allegedly failed to approve the criminal complaint prepared by Trooper Clem-Johnston. Given the nature of these alleged facts and when the events at issue would have occurred (in or around July 2011), there is no basis to conclude that Shears acted with due diligence in learning of them.

[5] AEDPA provides that "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). Here, each of Shears' PCRA proceedings, including his first, were commenced by Shears *after* AEDPA's statute of limitations expired on December 10, 2013 and therefore could not serve to statutorily toll the limitations period under § 2244(d)(2). Additionally, none of them qualify as a "properly filed application for State post-conviction or other collateral review" under § 2244(d)(2) because the Superior Court determined that they were untimely or otherwise improperly filed under state law. *Pace*, 544 U.S. at 417 ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *id.* at 414 ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation marks and bracketed text omitted).

Shears argues that, in accordance with the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Court should excuse his failure to comply with AEDPA's limitations period because he is "actually innocent." (ECF 82 at p. 13; ECF 166 at p. 6.) In *McQuiggin*, the Supreme Court recognized that the actual-innocence "gateway" to federal habeas review developed in *Schlup v. Delo*, 513 U.S. 298 (1995) for procedurally defaulted claims extends to cases in which a petitioner's claims would otherwise be barred by the expiration AEDPA's one-year statute of limitations. This exception provides that a petitioner's failure to comply with AEDPA's one-year limitations period may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Schlup*, 513 U.S. at 316. The "miscarriage of justice" exception only applies in extraordinary cases in which the petitioner shows that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Schlup*, 513 U.S. at 316. This is not one of the rare cases in which the miscarriage of justice rule is implicated.[6]

Based on the above, each of Shears' federal habeas claims are time-barred.[7] For this reason, the Court will deny the Third Amended Petition with prejudice.

---

[6] The Supreme Court also has held that AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. Shears does not argue that he is entitled to equitable tolling, nor has he directed the Court to anything in the record to support a determination that equitable tolling would be appropriate here.

[7] Claims 2 and 4 also appear to be claims of state-law error only and thus not cognizable under § 2254. That is because the alleged violation of Rules 503 and 507 of the Pennsylvania Rule of Criminal Procedure do not implicate Shears' due process rights or any other federal constitutional right. *Estelle*, 502 U.S. at 67-66 (claims of state law error are not cognizable in a federal habeas case). *See, e.g.*, *Johnson v. Rosemeyer*, 117 F.3d 104, 109-10 (3d Cir. 1997) ("errors of state law cannot be repacked as federal errors simply by citing the Due Process Clause.")

### III.   Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Shears' claims should be denied as untimely. Thus, a certificate of appealability is denied with respect to each claim.

### IV.   Conclusion

The Court will deny the Third Amended Petition with prejudice because all claims asserted in it are time-barred and deny a certificate of appealability with respect to each claim.

An appropriate Order follows.

Date:  May 31, 2024

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge